IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

<pre>
TUY LITH,                     )
                              )    Civil No. 04-1453-BR
          Petitioner,         )
                              )
     v.                       )
                              )
ROBERT SCHIEDLER,             )
                              )    OPINION AND ORDER
          Respondent.         )
</pre>

    Francesca Freccero
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lester R. Huntsinger
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

**BROWN, Judge.**

Petitioner, an inmate at Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is DENIED.

## BACKGROUND

In August 1998, Petitioner raped 15-year-old Jennifer Richter. Petitioner and Richter were acquainted at the time. Richter, who became pregnant as a result of the assault, waited four months before reporting the incident to police.

A Marion County Grand Jury indicted Petitioner on charges of Rape in the First Degree, Sexual Abuse in the Second Degree, and Rape in the Third Degree. Resp't Ex. 103. A jury found Petitioner guilty on all counts. The trial judge sentenced Petitioner to 100 months imprisonment for Rape in the First Degree and concurrent 18-month sentences for Sexual Abuse in the Second and Rape in the Third Degree.

Petitioner filed a direct appeal, which he later dismissed. Resp't Ex. 104. Petitioner did not seek review from the Oregon Supreme Court.

Petitioner filed a petition for state post-conviction relief (PCR). Following an evidentiary hearing, the PCR trial court denied relief. Resp't Ex. 113. On appeal, the Oregon Court of Appeals granted Respondent's motion for summary affirmance, and the

Oregon Supreme Court denied review. *Tuy v. Schiedler*, S51394, 2004 Or. LEXIS 390 (Or. June 15, 2004).

On October 6, 2004, Petitioner filed this action. In his Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for relief:

1. Petitioner did not understand the nature of the proceedings. Petitioner is from Cambodia, and is not from this culture. Although, petitioner had a interpreter it was never explained to him as to how the proceedings were to follow;

2. Trial counsel failed to properly investigate and prepare petitioner's case. Trial counsel failed to interview and investigate two potential witnesses who could of impeached the complaining witness;

3. Trial Counsel failed to call witnesses who would have testified contrary to the events. Petitioner had two individuals who wanted to testify, but were not called to the stand by trial counsel. They could of testified that the victim's story and rendition of the events were false; and

4. Trial counsel failed to obtain evidence that would allowed impeachment of the State's Primary Witness. Trial counsel failed to introduce information, and witnesses who would of impeached the State's Primary Witness.

Respondent argues Petitioner is not entitled to relief because: 1) Petitioner's Grounds One and Four were not fairly presented to the state courts and are now procedurally defaulted; (2) the Oregon state court decisions are entitled to deference; and (3) all claims lack merit. Petitioner explicitly concedes Ground One is procedurally defaulted. Petitioner considers Grounds Two and Three as alleging the same claim, and argues the PCR court

decision denying relief is incorrect. Petitioner does not address the claim alleged in Ground Four.

## DISCUSSION

**The Merits**.

    A.    **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas

court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id*. at 410. The state court's application of clearly established law must be objectively unreasonable. *Id*. at 409.

   B.   **Analysis**

   Petitioner asserts that he was denied effective assistance of counsel when his trial attorney failed to interview and call Philip and Linda Kutch at trial in order to impeach Richter. Petitioner maintains Richter lived with the Kutches during the relevant period and they would have testified he and Richter were involved in a romantic relationship.

   The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id*. at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id.* at 696.

The PCR trial court made the following pertinent findings of fact and conclusions of law with respect to this claim:

FINDINGS OF FACT

* * *

6. The crux of petitioner's argument is that while he had sex with two under age girls, that they consented, and that he did not rape them.

9. Trial counsel adequately represented petitioner.

10. Trial counsel adequately investigated petitioner's case.

11. Trial counsel interviewed and subpoenaed all relevant witnesses.

15. Trial counsel was appointed on February 2, 2001. Trial counsel met with petitioner on that date and at least eight additional times before petitioner's trial on April 6 and 7, 2001.

16. Petitioner did not inform trial counsel that he wanted Philip and Linda Kutch to testify at his trial until April 4, 2001. Trial counsel made several attempts to locate these people, including sending an investigator to their address. However, with only two days to locate them it was extremely difficult.

17. Petitioner also indicated that the witnesses' last name was "Kucth" which further added to the problem.

18. In addition, trial counsel had no verification that their testimony would be helpful to petitioner case.

19. At the beginning of the trial, petitioner informed the judge that there were several witnesses (the Kutch's as well as other members of their family) that he wanted to testify.

20. Trial counsel informed the court that petitioner claims these individuals heard Jennifer Richter tell petitioner that she was over the age of eighteen.

21. The judge informed petitioner that this was only a defense to the count of Sex Abuse in the Second Degree.

22. Trial counsel stated that he was not informed that these witnesses existed until the day before trial and that petitioner told him they would not show up for trial.

23. The judge stated that, even if these witnesses did appear, they would most likely not be allowed to testify, as the defense had not provided notice to the state of an affirmative defense.

24. The witnesses did not appear. Throughout petitioner's trial, trial counsel attempted to learn how these individuals might be helpful to petitioner's case, how to contact them, and waited for them to arrive.

25. Further, Jennifer Richter easily refuted any testimony they may have provided. Jennifer testified that she did not tell Linda or Philip Kutch that she was eighteen. In fact, she told them she was only sixteen.

Resp't Ex. 113 at 3-6.

///

CONCLUSIONS OF LAW

* * *

    4.    In the underlying criminal proceedings resulting from petitioner's conviction, petitioner was not denied the right to counsel, as guaranteed by . . . the United States Constitution . . . , and failed to prove that any prejudice resulted from any perceived denial.

    5.    Petitioner has failed to prove by a preponderance of the evidence that any violation of a constitutional right in the convicting court caused petitioner prejudice under the . . . United States Constitutions . . .

    6.    Petitioner did not prove any of his claims by a preponderance of the evidence. Petitioner did not meet his burden as to his claims, and showed no prejudice.

Resp't Ex. 111 at 8.

Petitioner maintains the PCR trial court made an unreasonable determination of the facts relating to trial counsel's deficient performance when it found that "trial counsel was not ineffective for failing to call the Kutches because trial counsel 'had no verification that their testimony would be helpful to petitioner['s] case.'" Specifically, he argues counsel had no such verification due to his own failure to adequately investigate the case.

Petitioner's argument in opposition to this factual finding, however, assumes what he seeks to prove: ineffective assistance of counsel based on his trial attorney's failure to perform adequate investigation. This circular argument is without merit. The PCR

trial court found Petitioner failed to meet his burden of affirmatively presenting evidence that trial counsel had verified reasons to believe the Kutches's testimony would be helpful. Moreover, the fact that Petitioner only notified counsel of the Kutches's existence two days before trial, despite having met with him at least eight times between indictment and trial, weighs in favor of finding counsel had no reason to believe the Kutches's testimony would have been beneficial. Accordingly, Petitioner's arguments do not constitute clear and convincing evidence sufficient to overcome the findings of the PCR trial court.

Petitioner also asserts that because the prosecution's case depended primarily on the credibility of the complaining witness, trial counsel had an obligation to investigate thoroughly the victim's account of the events. Specifically, trial counsel should have interviewed the Kutches, with whom Petitioner claims the victim resided during the relevant period.

Petitioner ignores the substantial efforts trial counsel made to contact the Kutches and procure their testimony at trial. As the PCR court's factual findings detail, despite having learned of the Kutches's existence only two days before trial, counsel repeatedly attempted to locate them. Resp't Ex. 113 at 4-5.

Petitioner's ineffective assistance of counsel claim fails under the deficient performance prong of *Strickland* because trial counsel adequately investigated Petitioner's case, interviewed and

9 - OPINION AND ORDER

subpoenaed all relevant witnesses, and took sufficient measures to locate the Kutches. Even if trial counsel's performance was deficient, however, Petitioner cannot prove prejudice. The PCR court found it is unlikely the trial judge would have allowed the Kutches to testify even if counsel had successfully located them. Resp't Ex. 113 at 5. In addition, Petitioner did not present any evidence to the PCR court to support his claim that the Kutches would have testified Petitioner and the complaining witness had an ongoing romantic relationship, a claim Petitioner maintains bolsters his version of the facts. Petitioner's self-serving account of how the Kutches would have testified is insufficient to establish prejudice.

For all of these reasons, this Court concludes the state court decision that Petitioner was not denied the right to the effective assistance of counsel is neither contrary to nor an unreasonable application of clearly established federal law.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (#1) and DISMISSES this case.

IT IS SO ORDERED.

DATED this  20th day of December, 2005.

                         /s/ Anna J. Brown
                         ANNA J. BROWN
                         United States District Judge